IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL MCCUNE,

     Plaintiff,                                   NO. CIV. S-10-1283 KJM-KJN

     v.

GURU FOODS, INC., et al.,                    ORDER

     Defendants.

_____/

        This matter comes before the court upon plaintiff's motion to amend the complaint, filed on March 17, 2011. (ECF 14.) No opposition to this motion was filed, and defense counsel stated there is no opposition at the April 27, 2011 initial scheduling conference for this matter.[1]  Plaintiff's motion to amend is hereby GRANTED.

I.     PROCEDURAL HISTORY

        Plaintiff filed his complaint in this court on May 24, 2010. (ECF 1.) Defendant Guru Foods, Inc. filed its answer on September 10, 2010, and defendant Geoffrey Mavis filed his answer on November 9, 2010. (ECF 8 & 10.)

/////

---

[1] A scheduling order is issued separately.

1

Plaintiff filed the present motion to amend the complaint on March 17, 2011 (ECF 14), in light of a recent Ninth Circuit decision, *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011).

II.     ANALYSIS

Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted). In addition, a court should look to whether the plaintiff has previously amended the complaint, as "the district court's discretion is especially broad 'where the court has already given a plaintiff one or more opportunities to amend [its] complaint.'" *Id.* at 1161 (quoting *Leighton*, 833 F.2d at 186 n.3).

Thus, leave to amend is rightly granted here, where the amendment will not cause defendant undue prejudice, is not sought in bad faith, is not futile and does not create undue delay. Moreover, this amendment to the complaint is plaintiff's first and it has not elicited any opposition.

/////

/////

/////

/////

II.     CONCLUSION

        For the foregoing reasons, plaintiff's motion to amend the complaint is GRANTED.  The Clerk is DIRECTED to file Exhibit A of Docket Number 14 as plaintiff's first amended complaint.  Defendant shall file an answer within fourteen days of being served this order.

        IT IS SO ORDERED.

DATED:  April 28, 2011.

_____
UNITED STATES DISTRICT JUDGE